IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy C. Garnett, | : | |
| Petitioner | : | Civil Action 2:11-cv-00765 |
| v. | : | Judge Frost |
| Warden, Noble Correctional Institution, | : | Magistrate Judge Abel |
| | : | |
| Respondent | | |

# ORDER

Petitioner Timothy C. Garnett, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Magistrate Judge on petitioner's October 31, 2011 application for release on bail pending the Court's decision on writ of habeas corpus (doc. 8).

To be released on bail pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and circumstances making the motion for bail "exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5, 13 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on

the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993).

Here, petitioner's claims are insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond. Plaintiff alleges that his Fourth Amendment rights were violated and that his privilege against self-incrimination guaranteed by the Fifth Amendment was also violated. Where the state has provided an opportunity for full and fair litigation of a claim under the Fourth Amendment, a state prisoner may not be granted federal habeas corpus relief on the basis that the evidence introduced at trial was obtained through an unconstitutional search or seizure. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). With respect to his claim that his *Miranda* rights were violated, plaintiff must show that the state court ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011). Given the difficulty of meeting this standard, plaintiff has not demonstrated a substantial claim of law.

For the reasons stated above, petitioner's October 31, 2011 application for release on bail pending the Court's decision on writ of habeas corpus (doc. 8) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order,

or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge